UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANGELA MAYFIELD,
Plaintiff

v.  CIVIL NO. 3:07CV506

MEMBERSTRUST CREDIT UNION
t/a TIDEWATER TELEPHONE EMPLOYEES
CREDIT UNION,

Defendant

---

### ORDER APPROVING CLASS SETTLEMENT AND DISMISSAL PURSUANT TO FED. R. CIV. P. 23(e) AND GRANTING CLASS COUNSELS MOTION FOR ATTORNEYS FEES

---

Before the Court is the Parties' Joint Motion for Approval of Class Settlement and Class Counsel's Motion for Award of Attorneys Fees.

On November 7, 2008, the parties appeared, by counsel, in accordance with the August 14, 2008 Order of this Court and the Class Notice previously approved by this Court in same. On or prior to the hearing, no class member had opted out of or objected to the proposed Class Settlement dated April 23, 2008 (the "Class Settlement").

Upon the record before the Court, the argument of counsel and after the November 7, 2008 hearing, The Court **FINDS** that the proposed Class Settlement is fair, reasonable, and adequate. Fed R. Civ P 23(e)(1)(C); *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991). The Court **FURTHER FINDS** that that the Parties have provided reasonable and the best practicable notice of the proposed Class Settlement and the Fairness hearing to each member of the Class by first class mail. Fed R. Civ P 23(e)(1)(B); Fed R. Civ P 23(c)(2). Accordingly, **IT IS HEREBY ORDERED** that the Class Settlement Agreement attached to this Order is Approved; and

**IT IS FURTHER ORDERED** that the Motion of Class Counsel for Award of Attorneys Fees and Costs in the total amount of $8,753.00 is granted in accordance with the terms of the Class Settlement.

**SO ORDERED.**

_____  /s/ REP
United States District Court Judge

**WE ASK FOR THIS:**

**PLAINTIFF: CLASS COUNSEL**

_Leonard Bennett / by MCS_
Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Blvd., Ste 100
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

**DEFENDANT: MEMBERSTRUST CREDIT UNION t/a TIDEWATER TELEPHONE EMPLOYEES CREDIT UNION**

_Mark C. Shuford_
Mark C. Shuford, Esq.
KAUFMAN & CANOLES, P.C.
Three James Center, 12th Floor
1051 East Cary Street
Richmond, VA 23219
Telephone: (804) 771-5727
Facsimile: (804) 771-5777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELA MAYFIELD,

    Plaintiff,

v.                                                           Civil Action No. 3:07cv506

MEMBERSTRUST CREDIT UNION
t/a TIDEWATER TELEPHONE EMPLOYEES
CREDIT UNION,

    Defendant.

## CLASS SETTLEMENT AGREEMENT

1. **RECITALS**

    a. Angela Mayfield ("Plaintiff or "Class Representative") has alleged that Memberstrust Credit Union t/a Tidewater Telephone Employees Credit Union ("Memberstrust" or "Defendant") has not complied with certain of the notice requirements set out in the Equal Credit Opportunity Act ("ECOA");

    b. Memberstrust denies each and every one of the allegations of improper conduct and has asserted a number of defenses to Plaintiff's claims;

    c. Plaintiff and Memberstrust agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any state or federal statute or law, or of any liability or wrongdoing by Memberstrust, or of the truth of any of the claims or allegations alleged in the above-captioned litigation ("the Action") or otherwise;

    d. Arms-length settlement negotiations MEDIATED BY United States Magistrate Judge M. Hannah Lauck have taken place between counsel for Plaintiff and Memberstrust, and this Settlement Agreement, including exhibits, contains all the terms and conditions of the settlement between Plaintiff and Memberstrust, both individually and on behalf of the class to be formed ("Class"), subject to final approval of this Court;

    e. Plaintiff's counsel has concluded, after due investigation and carefully considering the relevant circumstances of Memberstrust, the Action and the law, that the


EXHIBIT C

settlement set forth herein is fair, reasonable and adequate and in the best interests of the Class and further that it would be in the best interests of the Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure the benefits reflected herein obtained for the Class;

f.  Memberstrust has concluded, despite its belief that it is not liable for the claims asserted and has good defenses thereto, that it will enter into this Settlement Agreement solely to avoid the further expense, inconvenience and burden of this protracted and complex class litigation, to put to rest this controversy, to avoid the risks inherent in uncertain complex litigation and to avoid possible harm to customer relations;

For these reasons, it is agreed by and among the undersigned, on behalf of all parties, that the Action, and all claims for damages or any other remedies, and all claims for alleged violations of the Federal ECOA, any comparable state statute or any other claims alleged in the Complaint shall be settled, compromised and dismissed with prejudice as to Memberstrust, without costs (except as hereinafter provided), subject to the approval of this Court on the following terms and conditions:

## 2. SETTLEMENT PURPOSES ONLY

a.  This Settlement Agreement is for settlement purposes only, and, notwithstanding anything else in this Settlement Agreement, neither the fact of, nor any provision contained in, this Settlement Agreement, nor any action taken hereunder shall constitute, be construed as, or be offered or received in evidence as an admission of any claim or any fact asserted by Plaintiff or Memberstrust or any related party.

b.  Any certification of a Settlement Class, pursuant to the terms of this Settlement Agreement, does not constitute and should not be construed as an admission on the part of Memberstrust that this action or any other proposed or certified class action, is appropriate for trial class treatment pursuant to Federal Rule of Civil Procedure 23 or any similar class action statute or rule. This Settlement Agreement is without prejudice to the rights of Memberstrust: (a) to oppose any requests for class certification in this Action should the Settlement Agreement not be approved or implemented for any reason, or (b) to oppose any requests for class certification or certification in any other proposed or certified class action.

c.  If this Settlement Agreement is not approved or fails to be implemented for any reason, any certification, either preliminary or final, of the Settlement Class or any other alleged class shall be deemed null and void ab initio.

Promptly after approval of the form of this Settlement Agreement by the parties, Plaintiff and Memberstrust shall submit this Settlement Agreement, through their respective attorneys, to the Court for preliminary approval.

3. **CLASS FORMATION/CLASS EXCLUSION/SETTLEMENT HEARING**

    a.    Plaintiff and Memberstrust agree to the formation of one class for purposes of implementing this settlement subject to the terms and conditions of this Settlement Agreement.

    b.    The class to be certified shall defined to include the following persons:

        *The Class* - All persons who received a notice of adverse action from Memberstrust with the date of mailing from August 1, 2005 through August 22, 2007, whose notice identified "Beacon < 600 – Does not meet CU criteria" and/or "Does not meet CU guidelines" as among the reasons for the adverse action.

    c.    No later than April 22, 2008, Plaintiff and Memberstrust will file in the form of the attached **Exhibit A**, pursuant to FRCP Rule 23, *a Stipulated Order (1) Certifying the Class for Purposes of Settlement; (2) Appointing Class Counsel; (3) Designating the Representative Plaintiff; (4) Preliminarily Approving the Settlement; (5) Approving Notice of the Settlement; and (6) Setting a Hearing Date for the Approval of the Final Settlement* (the "Stipulated Order" ). That Order will include an exemplar of the proposed notice to the class members (See "Notice of Class Action" for the Class attached as **Exhibit B**).

    d.    Along with the Stipulated Order, Plaintiff will file his Motion for Preliminary Approval of Proposed Settlement, Certification of Class for Purposes of Settlement, and Approval of Form and Manner of Notice and brief in support. Plaintiff and his counsel will be responsible for drafting that motion subject to approval by Memberstrust and its attorneys, which approval will not be unreasonably withheld.

    e.    Upon entry of the Stipulated Order, the parties shall request that the Court set a final fairness hearing, following the preliminary approval of this Settlement, Agreement, which shall include an opportunity for the class members to be heard regarding the proposed settlement.

    f.    Within ten business days after entry of the Stipulated Order, Memberstrust shall submit to the Court and Class Counsel a list of the names of the class members ("Class List"), attested to by affidavit of Memberstrust's keeper of records or other person with knowledge.

    g.    Within fourteen business days after entry of the Stipulated Order, Memberstrust, at its sole cost and expense, including the costs of postage and printing, shall, send the Notice of Class Action by first-class mail to each member of the class. The Notice of Class Action shall contain the information required by FRCP Rule 23 and the Court.

h.  The Notice of Class Action shall provide the manner in which class members may exclude themselves from the class by mailing a notice of exclusion to Class Counsel, Leonard A. Bennett. <u>See</u> "Notice of Class Action for the Class" attached as **Exhibit B**. Class Counsel shall provide the Court and Memberstrust's counsel with copies of any exclusion letters received from class members within two weeks of the deadline for receipt of such letters.

i.  Leonard A. Bennett, or his partners, associates or staff shall answer any and all inquiries concerning the matters contained in this Settlement Agreement from the class members.

j.  Upon approval of the settlement, and after the appeals period has run, the parties will implement the settlement as approved by the Court as set forth below.

4. **<u>SETTLEMENT TERMS FOR CLASS MEMBERS AND CLASS REPRESENTATIVE</u>**

The terms of the proposed settlement are as follows:

a.  *Class* - In consideration for the release provided below, Memberstrust will provide the class members with the following relief:

Memberstrust, at its sole cost and expense, will provide to each class member a letter advising class members of the reason for Memberstrust's decision not to offer credit ("Letter") complying with the requirements of the ECOA. A copy of the Letter is attached hereto as **Exhibit C**. Pursuant to the Notice, Memberstrust will provide each class member with the Letter setting forth the specific reasons why the application for credit was denied.

Memberstrust also agrees to provide the notice (which is, by approval of this Settlement Agreement, deemed to comply with the ECOA) in a form similar to the notice attached hereto as **Exhibit C** to all future customers of Memberstrust who are denied credit due to: (i) the fact that the applicant has excessive obligations in relation to their income or (ii) the loan applicant's credit history indicates he or she is a sub-prime customer. MembersTrust may in the future change this form of notice in a manner compliant with the ECOA.

Memberstrust also will deliver to each Class member with the Letter (<u>See</u> **Exhibit C**), a check (as defined at Va. Code Section 8.3A-104) in the exact amount of $50.00 payable to that Class member at his or her last known address. These checks will include a statement to inform the bearer that they will be valid only for a period of three months from the date of the check (which will be within one calendar week of the date such check is mailed). After the passage of four months from said date, the funds to have been paid through any check not then presented to Memberstrust's bank will revert to <u>cy</u> <u>pres</u> award to Consumer Alliance of Virginia, LLC.

4

b.     In addition to the relief provided above, subject to Court approval, Memberstrust agrees to pay an award to the Class Representative in the amount of $500.00.

5. **ATTORNEY'S FEES/CLASS MEMBERS OBLIGATIONS**

   a.     Memberstrust agrees to pay Leonard A. Bennett, Consumer Litigation Associates, P.C., attorney's fees and litigation expenses including, but not limited to, expert fees and costs, in an amount not to exceed thirty percent of the actual cash value of this settlement, subject to Court approval. This payment includes all attorney's fees and litigation expenses from inception of the claim to completion of the Settlement Proceedings and entry of the Order of Dismissal.

   No additional attorney's fees or litigation expenses, or any other amounts are to be paid by Memberstrust to Plaintiff or to his counsel beyond the amounts stated herein.

   b.     Any approved attorney's fees, litigation expenses, Class Representative award, or cy pres payment shall be paid to Class Counsel within twenty-one (21) days after settlement is finally approved and all appeals, if any, are resolved.

   c.     Memberstrust agrees that it will not oppose or seek reduction of any of the attorney's fees or expenses or the Class Representative award requested by Class Counsel/Plaintiff's Counsel or the cy pres payment award.

   d.     Class Representative, Class Member, and Class Counsel obligations are as follows:

       i.     The Class endorses this Settlement Agreement as a fair, adequate and reasonable settlement and affirms that the Settlement Agreement brings about complete closure and an end to the litigation with respect to the subject covered in the claims certified and released herein.

       ii.     The Class Representative and Class Counsel shall not take any action that would violate or be inconsistent with this Settlement Agreement.

6. **WAIVER AND RELEASE/COVENANT NOT TO SUE**

   a.     Final approval of the Settlement Agreement will mean that each individual class member who has not timely opted out of the settlement forever releases his or her claims against Memberstrust and its predecessors, successors, and affiliates, and each of their current or former employees, officers, shareholders, directors, principals, agents, distributors, licensees, independent contractors, attorneys, and assigns and their executors, heirs, immediate family members and insurers relating to and arising out of: defects in the initial notice provided by Memberstrust under the ECOA which set forth as the basis for the credit

5

       application denial the reason "Beacon < 600 – Does not meet CU criteria" and/or "Does not meet CU guidelines."

  b.    Further, each member of the Class agrees not to start, continue, intervene in, participate in or receive any benefits from any lawsuit, arbitration, administrative, regulatory or other proceeding against Memberstrust in any jurisdiction based on or relating to claims, facts, or circumstances which are covered by this release.

  c.    Notwithstanding the foregoing, nothing hereunder shall be construed to prevent either members of the Class or Memberstrust from enforcing the provisions of this Settlement Agreement.

7.    **ADDITIONAL PROVISIONS**

  a.    **Entire Agreement.** This Settlement Agreement, and all other Exhibits attached hereto and hereby incorporated by reference herein shall supersede any previous agreement or understanding between the parties with respect to the subject matter of this Settlement Agreement. This Settlement Agreement may not be changed, modified or amended except in writing signed by the parties, subject to Court approval.

  b.    **Governing Law.** This Settlement Agreement shall be construed under and governed by the laws of the Commonwealth of Virginia.

  c.    **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

  d.    **Binding Effect.** This Settlement Agreement shall be binding upon and inure to the benefit of the parties, the classes, and their representatives, heirs, successors and assigns.

  e.    **Class Representative.** The Class Representative shall have only such rights as are provided by law and this Settlement Agreement.

  f.    **Headings.** The headings of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction. The numbering of provisions herein is intended to designate subsections where applicable.

  g.    **Construction.** No party to this Settlement Agreement shall be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

h.  **Waiver**. The waiver by one party of any breach of this Settlement Agreement by other party shall not be deemed a waiver of any prior or subsequent breach of this Settlement Agreement.

i.  **Full Authority**. All counsel and other persons or entities executing this Settlement Agreement or any related settlement documents warrant and represent that they have the full authority to do so and that they have the authority to take the appropriate action required or permitted to be taken under the Settlement Agreement in order to effectuate its terms.

j.  **Notices**. Any notice, request, instruction, application for Court approval or application for Court order sought in connection with this Settlement Agreement or other document to be given by any party or to the other party shall be in writing and delivered personally or sent by regular, first class mail, postage prepaid, with copies by facsimile to the attention of Plaintiff's or Defendant's counsel or to other recipients as the Court may specify. As of this Settlement Agreement, the respective representatives are as follows:

Plaintiff's Counsel:

> Leonard A. Bennett
> CONSUMER LITIGATION ASSOCIATES, P.C.
> 12515 Warwick Blvd., Ste 100
> Newport News, VA 23606
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662

Defendant's Counsel:

> Mark C. Shuford
> KAUFMAN & CANOLES, P.C.
> Three James Center, 12th Floor
> 1051 East Cary Street
> Richmond, VA 23219
> Telephone: (804) 771-5700
> Facsimile: (804) 771-5777

k.  **No Beneficiaries**. No portion of this Agreement shall provide any rights to, or be enforceable by any person or entity that is not a member of either Class, Memberstrust or a party specifically released under this Settlement Agreement except as specifically provided in this agreement.

l.  **Preservation of Privilege**. Nothing contained in this Settlement Agreement or any Order of this Court and no act required to be performed pursuant to this Settlement Agreement or any Order of this Court, is intended to constitute, cause or effect any waiver (in whole or in part) of any attorney-client privilege, work-

product protection or common interest/joint defense privilege, and each member of each Class and Memberstrust agree not to make or cause to be made in any form any assertion to the contrary.

m. **Nonadmissibility.** The settlement negotiations resulting in this Settlement Agreement have been undertaken by Plaintiff and Memberstrust and their respective counsel in good faith and for settlement purposes only pursuant to Federal Rule of Evidence 408, and no evidence of negotiations or discussions underlying this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, nor shall the Settlement Agreement be offered or received in evidence in any action or proceeding for any purpose, except this cause of action and then only for purposes of enforcing terms and conditions of this Settlement Agreement.

## 8. CONDITIONS PRECEDENT TO FINAL SETTLEMENT

This Settlement Agreement will not be deemed final until all of the following has occurred:

a. The Court will have issued its Order for final approval of this Settlement Agreement following notice to the Class and Opportunity to be heard.

b. Plaintiff is not in violation of this Settlement Agreement.

c. The number of Class Members opting out of the settlement by the deadline for doing so shall be less than one (1%) percent of the total number of Class Members. If an amount of Class Members greater than one (1%) percent of the total Class elects to opt out of the settlement, Memberstrust has the right in its sole discretion to void the Settlement Agreement. If Memberstrust exercises that right by filing notice of avoidance of the Settlement Agreement with the Court, which notice shall be filed within seven (7) days of Plaintiff's Counsel providing Memberstrust with a complete list of Class Members opting out of the Settlement Agreement, this Settlement Agreement shall be void.

d. The appeals period has expired and any and all appeals are resolved.

e. Memberstrust has not exercised its right in its sole discretion to void the settlement if any court makes a material modification to the Settlement Agreement.

## 9. FINAL SETTLEMENT ORDER/FINAL SETTLEMENT ACTIONS

Upon completion of all of the Conditions Precedent to Final Settlement stated above, the following actions shall take place:

8

a. The Court shall issue a Final Settlement Order dismissing the Action with prejudice and without costs.

b. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

IN WITNESS WHEREOF, Plaintiff and Defendant have executed this Settlement Agreement as of _April 23_, 2008.

PLAINTIFF: ANGELA MAYFIELD, by counsel,

_____
Leonard A. Bennett

DEFENDANT: MEMBERSTRUST CREDIT UNION
t/a TIDEWATER TELEPHONE EMPLOYEES
CREDIT UNION

By: _Mark C. Shuford_
Its: _Counsel_